**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBYN MICHELLE WINGO,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-0582** |
| | : | |
| **EDUCATIONAL DATA SYSTEMS, INC.:** | | |
| **Defendant.** | : | |

**MEMORANDUM**

SÁNCHEZ, J.                                                    **MARCH  21, 2024**

 *Pro se* Plaintiff Robyn Michelle Wingo sues her former employer, Educational Data Systems, Inc., after she was terminated from her position.  Wingo seeks to proceed *in forma pauperis* and for the appointment of counsel.  For the following reasons, the Court will grant Wingo leave to proceed *in forma pauperis*, dismiss her Complaint without prejudice, and deny her request for the appointment of counsel.  Wingo will be given an opportunity to file an amended complaint.

**I. FACTUAL ALLEGATIONS[1]**

 Wingo worked for Educational Data Systems at the Pennsylvania Career Link ("PACL") offices in Bensalem and Trevose, Pennsylvania.  (Compl. at 4.)  She states that she worked at the PACL offices for 18 months until she was terminated on August 23, 2022.  (*Id.*)  Wingo alleges that she was terminated just one day after she inquired about "stress leave FMLA" and before she was "able to complete a performance plan [that management] had coerced [her] into."  (*Id.*)  Wingo states that prior to her termination, she was "exposed to zoom video interrogations by 12+

---

[1] The factual allegations are from Wingo's Complaint.  (ECF No. 2.)  The Court adopts the pagination supplied by the CM/ECF docketing system.

human resources employees several times," during which she was "intimidated and shamed."

(*Id*. at 4.)  She alleges that her coworkers "witnessed" the "discriminatory treatment by [her]

manager Jessica Peterson."  (*Id*.)  As a result of these events, Wingo allegedly suffered anxiety,

depression, a "loss of gainful employment," and a "loss of financial security."  (*Id*. at 5.)  She

asserts claims against Educational Data Systems for harassment, discrimination, and retaliation.

(*Id*. at 3.)  She requests lost and future wages as well as damages for her "emotional and physical

distress caused by their harassment and discriminatory behavior . . . over the course of the 18

months [she] was employed there."  (*Id*. at 5.)

## II.    STANDARD OF REVIEW

The Court grants Wingo leave to proceed *in forma pauperis* because it appears that she is

incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*

*v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this

early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as

true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that]

---

[2] Wingo's Motion to Proceed *In Forma Pauperis* was originally denied without prejudice on February 24, 2024.  (*See* ECF No. 5.)  The Court concluded that Wingo failed to provide sufficient financial information to allow the Court to determine whether she qualified for *in forma pauperis* status.  (*See id*.)  Wingo then filed a "Response" to the Court's February 24, 2024 Order, which the Court construes as a Motion to Reconsider the February 24, 2024 Order. (*See* ECF No. 6.)  Based upon the additional information Wingo provides in her Response, the Court concludes that Wingo is entitled to proceed with this case *in forma pauperis*.

complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d

768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Wingo is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8

F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d

Cir. 2013)).

## III.    DISCUSSION

The Court understands Wingo to assert federal discrimination claims against Educational

Data Systems, the only Defendant named in the Complaint.[3]  Although Wingo does not cite to

any specific statute, she appears to assert claims for discrimination, harassment, and retaliation.

Federal law prohibits employment discrimination based on race, color, religion, sex, national

origin, age, and disability.  *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015)

(citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112).  Federal law also prohibits

employers "from retaliating against employees who oppose or complain about discriminatory

treatment."  *Id.* at 449.

### A.    Claims for Discrimination and Harassment

In general, to plead a claim for employment discrimination, a plaintiff must allege that:

(1) she is a member of a protected class; (2) she was qualified for the position in question; (3)

she suffered an adverse employment action, and; (4) the adverse action occurred under

circumstances giving rise to an inference of discrimination.  *See McDonnell Douglas Corp. v.*

---

[3] On the standard form complaint Wingo used to assert her claims, she checked the "federal questions" box as the basis for federal court jurisdiction.  (*See* Compl. at 3.)  In addition, Wingo attached to her complaint a right to sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC").  (*Id*. at 7-8.)  The EEOC is a federal agency that investigates charges of discrimination under federal law.

*Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789-, 797 (3d Cir. 2003).  In particular, a plaintiff must allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence that her membership in a protected class was "either a motivating or determinative factor" in her employer's adverse employment action against her. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016); *see also Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014) (*per curiam*) (explaining that to survive a motion to dismiss a plaintiff "cannot merely state that he was discharged due to his national origin" and instead "must plead facts that plausibly connect his national origin to his discharge").

To plead a hostile work environment or harassment claim, a plaintiff must allege: (1) she suffered intentional discrimination because of membership in a protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present.  *Starnes v. Butler Cnty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 428 (3d Cir. 2020) (alterations, internal quotations, and citations omitted); *Felder v. Penn Mfg. Indus., Inc.*, 303 F.R.D. 241, 243 (E.D. Pa. 2014).  Similar to discrimination claims, hostile work environment claims require allegations that the harassment was due to membership in a protected class.  *Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App'x 246, 249 (3d Cir. 2012) (*per curiam*) (citing *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007)).

Wingo has failed to state plausible claims for employment discrimination and harassment.  Notably, nothing in the Complaint suggests that Wingo was subjected to discrimination or harassment based on her membership in a protected class.  In addition, the Complaint in its current form is conclusory and does not provide sufficient details about alleged

discriminatory or harassing treatment to which she was subjected.  Without any factual support, she states that she was subjected to harassment and discriminatory behavior – in particular, by her manager – over the course of the 18 months she was employed there.  However, Wingo provides no details about the circumstances surrounding the alleged discrimination and harassment, including when it took place, who was involved, and how the treatment was motivated by Wingo's membership in a protected class.

Absent any factual allegations explaining the discriminatory and harassing conduct and how that conduct was motivated by Wingo's race, color, religion, sex, age, or alleged disability, the Complaint cannot support plausible discrimination or harassment claims.  *See, e.g., Favors v. Sec'y United States Dep't of Veterans Affs.*, 695 F. App'x 42, 44 (3d Cir. 2017) (*per curiam*) (affirming dismissal of Title VII race discrimination claim where plaintiff "included no allegations whatsoever linking his termination to his race"); *Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (*per curiam*) (affirming dismissal of complaint where plaintiff failed to provide details on what position she applied for, how she was qualified for the position, and what protected classes she belongs to); *Wiggins v. Universal Prot. Servs. LLC*, No. 22-1491, 2022 WL 4116912, at *3 (3d Cir. Sept. 9, 2022) (*per curiam*) ("Wiggins did not state a *prima facie* case for a hostile work environment claim, as he did not make factual allegations that could suggest that his workplace was "permeated with *discriminatory* intimidation, ridicule, and insult . . . that [was] sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." (emphasis and alterations in original)).  Accordingly, Wingo's claims for discrimination and harassment will be denied.

B.      **Claims for Retaliation**

To state a plausible retaliation claim, a plaintiff must allege facts showing:  (1) that she engaged in a protected employment activity; (2) that the employer took an adverse employment action against her; and (3) a causal link between the protected activity and the adverse employment action.  *Connelly*, 809 F.3d at 789.  A general complaint about unfair treatment does not constitute protected activity; a plaintiff must show that she complained specifically about unlawful discrimination.  *Barber v. CSX Distrib. Servs*., 68 F.3d 694, 702 (3d Cir. 1995).  Wingo has similarly failed to allege sufficient facts to support a plausible retaliation claim.  She merely alleges in conclusory fashion that she suffered "retaliation" without any factual details to support the claim.  She does not allege that she engaged in a protected employment activity or that her termination (or any other adverse employment action) resulted from that protected activity.

It is possible Wingo also intends to assert a claim for retaliation under the Family Medical Leave Act ("FMLA"), based on allegations that she was terminated just one day after she requested "stress leave FMLA."  (Compl. at 4.)  Under the FMLA, an "eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period" for, *inter alia*, a "serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D).  An employer may not retaliate against an employee for requesting or taking FMLA leave.  *See* 29 U.S.C. § 2615(a)(2) ("It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.").  To state an FMLA retaliation claim, a plaintiff must show that (1) she "invoked" her right to "FMLA-qualifying leave"; (2) that she "suffered an adverse employment decision"; and (3) "the adverse action was causally related to h[er] invocation of rights."  *Ross v. Gilhuly*, 755 F.3d 185, 193 (3d Cir. 2014).

With respect to the first element, the plaintiff must show that she was protected under the FMLA and that she requested FMLA leave.  To allege protection under the FMLA, the plaintiff must establish that she "was an eligible employee under the FMLA" and that she was "entitled to FMLA leave."  *Capps v. Mondelez Glob.*, LLC, 847 F.3d 144, 155 (3d Cir. 2017); *see also* 29 U.S.C. § 2611 (describing who qualifies as an "eligible employee" under the FMLA).

To the extent that Wingo alleges a retaliation claim under the FMLA, she has failed to state a plausible claim.  She does not allege any facts supporting an inference that she was an eligible employee and that she was entitled to FMLA leave.  *See White v. SP Plus Corp.*, 858 F. App'x 488, 490 (3d Cir. 2021) (*per curiam*) (affirming dismissal of FMLA retaliation claim because, *inter alia*, the plaintiff "did not allege sufficient facts from which one could infer that he was eligible for or entitled to FMLA leave").  Wingo also failed to allege that her termination was causally related to her request for FMLA leave.  *See Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 303 (3d Cir. 2012) (explaining that a plaintiff must demonstrate that he suffered an "adverse employment action" *because* he invoked his rights under the FMLA).  Accordingly, Wingo's retaliation claims, including any retaliation claims she intended to assert under the FMLA will also be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Wingo leave to proceed *in forma pauperis* and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will permit Wingo an opportunity to file an amended complaint in the event she can address the defects the Court has noted.  Wingo's request for the appointment of counsel will also be denied without prejudice as premature.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first

determine whether plaintiff's lawsuit has a legal basis).  An appropriate Order follows, which contains additional instruction as to amendment.

**BY THE COURT:**


**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, J**